UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, *et al.*, | : | CIVIL ACTION NO. |
|     Plaintiffs | : | |
| | : | 3:21-CV-00748 (JAM) |
| V. | : | |
| AVON OLD FARMS SCHOOL, INC.,*et al.*, | : | |
|     Defendants | : | APRIL 14, 2023 |

### DEFENDANT JOHN DOE'S MOTION FOR RULE 11 SANCTIONS

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 1927, minor defendant John Doe, by and through his attorney, Jon L. Schoenhorn, moves this Court to impose monetary sanctions against plaintiffs and their counsel.

Plaintiffs and their counsel, Attorney Sol Mahoney, jointly violated the above-referenced rules and statutes in various pleadings, including in the operative fifth amended complaint [ECF Doc. # 145]; in their objection to defendant Doe's motion to dismiss [ECF Doc. # 241]; and by seeking to file a baseless sixth amended complaint [ECF Doc. # 262-15] and accompanying memorandum [ECF Doc. #262-1] that was implausible, baseless and so unwieldy and convoluted as to constitute vexatious litigation.

In support hereof, the defendant states the following:

1. Plaintiffs and their counsel acted with an improper purpose and unreasonably and vexatiously multiplied the proceedings in the following manner:

    a. Directing objectively unreasonable, baseless, salacious and deprecating allegations of a "sexual assault" in the aforementioned pleadings without any evidentiary support, and by falsely asserting that a "conspiracy" existed to destroy evidence of an assault where none ever existed;

    b. Making objectively unreasonable, implausible and factually unsupported allegations against defendant Doe of involvement in a federal civil rights conspiracy and purported acts of spoliation and evidence destruction, in order to deceive the court and obscure the lack of evidence supporting the claims, after the defendants (including John Doe) articulated to plaintiffs the lack of merit to the

  repeated false claims that *anyone* destroyed Walmart store surveillance video evidence of an assault; while simultaneously ignoring the video recordings from Walmart that directly contradicted the plaintiffs' allegations against him;

c. Repeatedly making untrue and objectively unreasonable assertions that defendant Doe's denial of the allegations against him and his mother's employment of attorneys to defend him constituted evidence of a conspiracy to violate their civil rights under 42 U.S.C. § 1985(3) because no plausible theory of liability or jurisprudence supported such claims even after plaintiffs were alerted to this problem multiple times;

d. Filing pleadings for the improper purposes of harassing the minor defendant and causing his family to incur unnecessary litigation costs by accusing him of sexual assault, even though no objective factual allegations supported such a tort claim under Connecticut law;

e. Falsely asserting frivolous and baseless claims of federal jurisdiction in both the fifth amended complaint [ECF Doc. # 145], and in the proposed sixth amended complaint [ECF Doc. # 262-15] under 42 U.S.C. § 1985(3), while ignoring established legal precedent, even after defendant Doe informed plaintiffs of this deficiency. [ECF Docs. # 238, 156];

f. Repeating frivolous § 1985(3) claims in the proposed sixth amended complaint [ECF Doc. # 262] by adding irrelevant verbiage, dozens of pages and hundreds of new paragraphs in an effort to bypass rulings on the various dispositive motions filed by the various defendants, and by attaching irrelevant and misleading "exhibits" to their pleadings without addressing the "good cause" necessary to justify yet another amended iteration of the complaint;

g. Violating the confidentiality rights of defendant Doe and the court's standing protective order by filing public documents on Pacer without redacting the identity of John Doe, and then failing to articulate a reason why redaction or a sealing order was necessary, thereby requiring defense counsel to incur the expense of justifying the need for redaction after the harm occurred;

  h. Acting in bad faith by unreasonably and vexatiously multiplying the proceedings by attaching repetitious and irrelevant exhibits; and by filing all documents and pleadings in a format that precluded software-based character recognition; and

  i. Violating Local Rule 7(f)(1) in plaintiffs' motion to file a sixth amended complaint by failing to disclose the positions of the non-moving parties in that pleading.

2. Defense counsel attempted on multiple occasion without success to rectify these issues with plaintiffs' counsel without the need for court intervention. On January 10 and February 4, 2022, defendant Doe's counsel sent letters to Attorney Mahoney, alerting him to the fact that defendant Doe was contemplating filing a Rule 11 motion for sanctions if the objectionable content and frivolous federal claims in plaintiffs' fifth amended complaint were not revised or withdrawn. On May 2, 2022, the defendant's counsel informed Attorney Mahoney via email that any proposed claims against defendant Doe's mother were frivolous.

3. Plaintiffs failed to withdraw or correct the offending pleading(s) within a reasonable period and then doubled down by repeating and expanding upon the same baseless allegations in the fifth amended complaint [ECF Doc. # 145] and the equally baseless sixth amended complaint [ECF Doc. # 262], to which defendant Doe objected [ECF Doc. # 266].

4. Attorney Mahoney did not address the merits of defendant Doe's motion to dismiss or motions to strike.  He cited no relevant law in opposition and did not argue for a change in legal precedent. Instead, plaintiffs attached exhibits consisting of irrelevant news media stories and a screenshot from the Connecticut Judicial Department docket regarding a non-party without trying to connect these items to defendant Doe's motions. [ECF Doc. # 241-12 to 241-14]. They attached similar "exhibits" to their motion to amend the complaint for the sixth time. [ECF Doc. # 262-2 to 262-13].

5. Plaintiffs' dilatory conduct caused unnecessary expense to defendant Doe because of the need for counsel to prepare and file objections thereto while the motions to dismiss and strike the fifth amended complaint were pending.

WHEREFORE, defendant Doe requests that the Court impose the following sanctions upon plaintiffs and plaintiffs' counsel: (1) legal fees associated with this motion; (2) attorney's fees pursuant to Section 1988 as a prevailing party; (3) costs of the litigation; and (4) a monetary penalty to be paid to the court.

An affidavit and memorandum in support of this motion are filed separately this date.

THE DEFENDANT – JOHN DOE

By: /s/ *Jon L. Schoenhorn* (Fed. Bar #CT00119)
Jon L. Schoenhorn, His Attorney
Jon L. Schoenhorn & Associates, LLC
108 Oak Street
Hartford, CT 06106
Tel.: (860) 278-3500
Fax: (860) 278-6393
Casemanagement@schoenhorn.com

**CERTIFICATION**

I hereby certify that on the above date, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ *Jon L. Schoenhorn*
Jon L. Schoenhorn

4