UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>AVON OLD FARMS SCHOOL, INC. *et al.*,<br>    *Defendants*. | No. 3:21-cv-00748 (JAM) |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTIONS FOR FEES, COSTS, AND SANCTIONS**

Defendant John Doe has filed two motions to seek reimbursement for the costs of defending against this previously dismissed action. For the reasons set forth below, I will grant in part and deny in part these motions.

**BACKGROUND**

John Doe was one of several defendants named in a complaint filed on behalf of plaintiff Jane Doe by her parents Richard Bontatibus and Erica LuBonta Bontatibus. Jane Doe was represented by attorney Sol E. Mahoney. Last year I granted the defendants' motion to dismiss the action. *See Doe v. Avon Old Farms School, Inc.*, 2023 WL 2742330 (D. Conn. 2023).

The plaintiffs' fifth amended complaint accused John Doe, a student at Avon Old Farms School, of sexually assaulting Jane Doe at a Walmart in Avon in 2021. *Id.* at *4. Investigations into John Doe by both the Avon police department and the school could not substantiate Jane Doe's claim. The police closed the case due to insufficient evidence, and the school absolved John Doe of any wrongdoing. *Id.* at *5. Nevertheless, Jane Doe (by means of her parents acting on her behalf) filed a federal case against John Doe—along with his mother, Walmart employees, Avon Old Farms School administrators, and Avon police officers—alleging a

1

sweeping federal conspiracy to violate Jane Doe's civil rights. *Id.* at *5-6. Jane Doe also brought supplemental state law claims against John Doe. *Id.* at *20.

Jane Doe's federal claim against John Doe arose under 42 U.S.C. § 1985(3), which in part creates "a civil remedy against private persons who conspire to deprive others of the equal protection of law." *Id.* at *7. In order to prove this claim, Jane Doe had to demonstrate that John Doe conspired to invade her right to be free of involuntary servitude or to travel interstate. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993). She also would have needed to show that there was some sort of understanding between John Doe and his alleged co-conspirators that they were to violate Jane Doe's rights and to do so because of Jane Doe's membership in a protected class. *Id.* at 268.

It was a heavy lift to turn the alleged sexual assault into a cognizable § 1985(3) conspiracy, and Jane Doe fell woefully short here for all the reasons I spelled out at length in my prior ruling. *See Doe*, 2023 WL 2742330, at *6-10. I dismissed the claim against John Doe, and I further determined that the remaining state law counts against him did not fall within this Court's supplemental jurisdiction. *Id.* at *10, *20-21. Accordingly, I dismissed those claims as well. *Id.* at *21.

John Doe now seeks reimbursement for the costs he and his parents incurred while defending this suit. To that end, he seeks relief under 42 U.S.C. § 1988, which permits successful defendants to recover attorney fees in certain civil rights cases.[1] He also seeks relief under 28 U.S.C. § 1927, a statutory provision that allows a court to impose fees and costs against an

---

[1] Doc. #292 at 1.

attorney who engages in vexatious litigation.[2] Finally, he seeks sanctions against Attorney Mahoney under Rule 11 of the Federal Rules of Civil Procedure.[3]

## DISCUSSION

### *42 U.S.C. § 1988*

Under 42 U.S.C. § 1988(b), a prevailing party in an action under § 1985 may receive, at the Court's discretion "a reasonable attorney fee as part of the costs." While prevailing plaintiffs will often recover fees, courts are more cautious about awarding such fees to defendants. *See Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006). Indeed, "[a] prevailing defendant should not be awarded fees unless a court finds that the plaintiff's claim was 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Nicholas v. Harder*, 637 F. App'x 51, 52 (2d Cir. 2016) (quoting *Panetta*, 460 F.3d at 399). A claim is frivolous when it lacks an arguable basis either in law or in fact. *See Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022).

This is one of those uncommon cases where attorney fees should be awarded to a defendant. The § 1985(3) claim that Jane Doe's parents brought on their daughter's behalf was more than simply meritless. It was utterly lacking in several crucial respects. I catalogued these deficiencies in detail in my ruling on the defendants' motion to dismiss. *See Doe*, 2023 WL 2742330, at *7. I concluded that the claim (1) [did] "not allege a plausible conspiracy between any of the defendants," (2) "[did] not clearly specify the basis of the animus" on which the defendants allegedly discriminated against Doe, and (3) "[did] not allege *any* facts to suggest that the objective of the defendants' so-called conspiracy was to cast them into involuntary servitude

---

[2] *Ibid.*
[3] *Ibid.*

or to obstruct their interstate travel." *Id.* at \*7-9. The claim was frivolous, unreasonable, and groundless.

Accordingly, I will grant John Doe's motion for an award of the attorney fees that were reasonably necessary to defend against the § 1985(3) claim, including the fees and costs for seeking relief under § 1988. *See John v. Demaio*, 2016 WL 7410656, at \*2 (E.D.N.Y. 2016) (observing a "'default rule that a successful applicant for § 1988 attorneys' fees should be awarded the costs of bringing its § 1988 application'") (quoting *Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1060 (2d Cir. 1995)). This award shall be against plaintiffs Richard Bontatibus and Erica LuBonta Bontatibus, who filed this action against John Doe on behalf of their daughter Jane Doe.

### *28 U.S.C. § 1927*

Another federal law—28 U.S.C. § 1927—allows a court to "require an attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously... to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) (quoting § 1927). To impose sanctions under § 1927, a court must make two findings. First, the court must conclude "'the offending party's claims were entirely without color.'" *Ibid.* (quoting *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018)). Second, the court must find that "'the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay.'" *Ibid.* (quoting *Kim*, 884 F.3d at 106). A court may infer bad faith when a party "undertakes frivolous actions that are 'completely without merit.'" *Ibid.* (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 116 (2d Cir. 2000)). Nevertheless, the court must explicitly make a finding of bad faith in

order to award sanctions; "[a]n implicit finding… is not enough." *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 144 (2d Cir. 2023).

I find that Attorney Mahoney acted in bad faith for all the reasons set forth in John Doe's moving papers. The federal claim he filed against John Doe was nothing short of frivolous. Despite multiple amendments to the complaint and warnings from opposing counsel that he was acting unreasonably, he alleged no facts that could plausibly give rise to a conspiracy. *See Doe*, 2023 WL 2742330, at *7-8. Even if his outlandish theory of the case were true, he *still* would not have prevailed under § 1985(3), because he was not alleging a scheme to restrict Jane Doe's right of interstate travel or right not to be subject to involuntary servitude. The claim of a § 1985(3) conspiracy demonstrated a basic lack of research or understanding of the law that Attorney Mahoney sought to enforce. Rarely does an attorney bring a claim so "completely without merit." *Huebner*, 897 F.3d at 55.

Moreover, Attorney Mahoney embedded the claim against John Doe in a complaint that was "discursive, disorganized, and at times incomprehensible" and "in open mockery of the basic requirement of the Federal Rules of Civil Procedure that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Doe*, 2023 WL 2742330, at *1 (quoting Fed. R. Civ. P. 8(a)(2)). Attorney Mahoney filed five different amended complaints during the course of the suit, changing claims on each occasion. *Id.* at *23. In the context of a motion for leave to file a fifth amended complaint, I expressed concern that "the plaintiffs may be imposing unnecessary litigation costs and burdens" on the defendants and indicated that I would be "unlikely to entertain further amendments to the complaint absent a

5

very clear showing of good cause why such amendment could not have been proposed at an earlier time."[4]

The fifth amended complaint ultimately ran 1080 paragraphs and 198 pages.[5] Even so, Attorney Mahoney sought permission to file yet a sixth amended complaint, which I denied, observing "I am concerned that the plaintiffs are trying to make responding to their ever-evolving claims near impossible for the defendants while simultaneously imposing substantial and unnecessary litigation costs on them." *Id.* at *24. Attorney Mahoney's course of conduct is a clear sign of bad faith. *See Gollomp v. Spitzer*, 568 F.3d 355, 371-372 (2d Cir. 2009) (the "extreme length" of the pleadings contributed to a finding of bad faith).

Finally, Attorney Mahoney was warned of his misconduct and given a clear opportunity to rethink his course of action. Attorney Schoenhorn informed Attorney Mahoney on several occasions that his actions were vexatious.[6] On November 19, 2022, Attorney Schoenhorn served a draft motion for sanctions on Attorney Mahoney, which specifically observed that there was "no basis in American jurisprudence to justify" the § 1985(3) claim.[7] But Attorney Mahoney was undeterred and continued to press his blunderbuss claims at oral argument on the motions to dismiss.[8] This further indicates bad faith. *See Gollomp v. Spitzer*, 2007 WL 433361, at *8-9 (N.D.N.Y. 2007) (failure to withdraw frivolous claims after being served with a Rule 11 motion contributed to a finding of bad faith), *aff'd,* 568 F.3d 355 (2d Cir. 2009).

Between Attorney Mahoney's disregard for the Federal Rules of Civil Procedure, the groundless nature of the claim he pressed under 42 U.S.C. § 1985(3), and his refusal to withdraw

---

[4] Doc. #117.
[5] Doc. #145.
[6] Doc. #292-1 at 4-6, 11.
[7] *Id.* at 4-6.
[8] Doc. #287 at 45-52.

the claim after he was warned it was frivolous, I have no trouble concluding that Attorney Mahoney acted in bad faith in prosecuting a frivolous § 1985(3) claim. And because the frivolous § 1985(3) claim was the only source of federal jurisdiction, it was likewise the cause of John Doe's expenses in defending against the various state law claims.

Accordingly, I will order Attorney Mahoney to pay all reasonable attorney fees, costs, and expenses incurred by John Doe to defend against the federal and state law claims against him and to litigate the § 1927 motion. *See Gollomp*, 2007 WL 433361, at *10 (granting reimbursement of costs and fees incurred in defending against suit, as well as costs and fees incurred in litigating the § 1927 motion).

### *Rule 11*

John Doe also seeks sanctions against Attorney Mahoney pursuant to Federal Rule of Civil Procedure 11. But Attorney Mahoney objects in part on the ground that the Rule 11 motion was not filed as a standalone motion separate from the § 1927 motion.

Rule 11 itself states that a "[a] motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). The Second Circuit has affirmed the denial of a Rule 11 motion that did not comply with this requirement. *See Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51-52 (2d Cir. 2008). Accordingly, I will deny the Rule 11 motion for failure to file it as a standalone motion.

In any event, it appears that any relief under Rule 11 that I might likely grant would be duplicative of relief I have already granted in this ruling. Therefore, even if John Doe were to re-file his Rule 11 motion as a separate motion, I would not exercise my discretion to grant such a motion in the absence of a further showing of why the relief is not duplicative. *See Appel v.*

*Cohen*, 2023 WL 1431691, at *2 (2d Cir. 2023) (district court has discretion whether to grant Rule 11 sanctions relief).

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendant John Doe's motion pursuant to 42 U.S.C. § 1988 for an award of reasonable attorney fees against plaintiffs Richard Bontatibus and Erica LuBonta Bontatibus for the litigation of the claim against John Doe under 42 U.S.C. §1985(3). Doc. #290. The Court GRANTS defendant John Doe's motion pursuant to 28 U.S.C. § 1927 for an award of reasonable attorney fees, costs, and expenses against Attorney Mahoney for the litigation of this federal action against John Doe, but DENIES defendant John Doe's motion for sanctions under Fed. R. Civ. P. 11. Doc. #291.

Counsel for John Doe shall file by **March 26, 2024** an affidavit and appropriate records to substantiate the claims for attorney fees, costs, and expenses, and any objection to the basis, method, and manner of calculation may be filed by **April 9, 2024**, and any reply filed by **April 16, 2024**.

Because I have ordered relief against Richard Bontatibus and Erica LuBonta Bontatibus solely for the litigation of the § 1985(3) claim while ordering broader relief against Attorney Mahoney for the litigation of all claims against John Doe, the affidavit and supporting papers should detail how the fees, costs, and expenses are allocated as between the § 1985(3) claim and other claims. The Court does not intend to allow double recovery but to impose a final order of joint and several liability against Richard Bontatibus, Erica LuBonta Bontatibus, and Attorney Mahoney to the extent that their liability overlaps.

It is so ordered.

Dated at New Haven this 12th day of March 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge